Mr. Justice Moore
delivered the opinion of the Court.
The controversy between these parties has been before this court on a former occasion. Our opinion announced December 12, 1960, in White v. Widger, 144 Colo. 566, 358 P. (2d) 592, must be read in order to understand the facts out of which the dispute arises and the narrowed issue raised by the writ of error now before us.
It was disclosed by the record formerly considered that in 1956 White brought an action in forcible entry *148 and detainer against Widger, based on an alleged 1940 vendor-purchaser installment contract for the sale of a farm. The complaint alleged nonperformance of the written contract by the vendee Widger. Said vendee, among other defenses, asserted that White could not convey title to the land. Under the circumstances clearly set forth in the former opinion, a tax deed was issued to Widger on May 31, 1946, and it was held that Widger, who did not pay 1941 and 1942 installments due under the contract, and who expended very substantial sums of money to develop irrigation facilities, levelling the land and otherwise enhancing the value thereof, was entitled to assert the defense of laches against White’s action, and that a judgment in favor of Widger based on that defense would be upheld.
Our opinion in the former case contained the following:
“The court found that plaintiff had unreasonably delayed exerting his claim until defendant had changed his position and that the legal consequence of such delay was disqualification to maintain a forcible entry and detainer action. This determination was correct. The court did not, however, invoke the principle announced in Fair view Mining Corp. v. American Mines and Smelting Co., supra, and Rocky Mountain Gold Mines, Inc. v. Gold, Silver and Tungsten, Inc., supra, that where an equitable defense is interposed the action acquires an equitable character as to the plaintiff who then becomes entitled to such equitable relief as the facts indicate. Application of the doctrine of these cases would require the court to determine whether any residual unlitigated security rights in the plaintiff remain to be foreclosed. The court merely concluded that the forcible entry and detainer claim was barred and thus stopped short of determination of the further legal issues which would finally dispose of the case. If the court had finally concluded that defendant had unequivocally asserted his antagonistic title and had renounced the contract, it *149 would have disposed of the case and obviated the necessity for determining plaintiffs possible foreclosure rights.
“To the extent the issues were determined, the trial court’s adjudications are affirmed. Nevertheless, the matter must be remanded to the trial court with directions to conduct further proceedings to find the facts in the light of specific briefing by counsel of applicable law on the issue of whether defendant is entitled to assert his tax title as against plaintiff in view of the 1940 vendor-purchaser contract. Should the court determine that this course is not open to defendant, it should then proceed to extend to plaintiff a hearing on the subject of his rights, if any, to foreclose the contract on the mortgage theory as considered in the cited cases.
“Upon remand of the case, both plaintiff and defendant should be permitted to amend their pleadings as they may be advised.” (Emphasis supplied.)
Following remand the trial court conducted further hearing pursuant to the mandate of this court. The parties offered no additional evidence and the case was re-submitted on the original evidence and pleadings, for entry of findings on the specific question of whether Widger had “unequivocally asserted his antagonistic title and had renounced the contract.”
The trial court, following the hearing and argument on that question, entered findings which included the following:
“The Court is constrained to hold that the defenses urged by the defendant in his answer and in the evidence and testimony adduced by him would be as effective in an action to foreclose the contract on the mortgage theory as in an action in forcible entry and detainer. The Court further concludes that under all of the testimony and evidence no residual unlitigated security rights in the plaintiff remain to be foreclosed. That the defendant, by his actions, of which the plaintiff had ample notice, had unequivocally renounced the contract relationship prior to assertion of a right, antagonistic to the right of the *150 plaintiff, who had attempted to establish himself as a lawful vendor.
“The Court finds that the action should be dismissed.” This finding has sufficient support in the evidence, and the argument of counsel for White that the court’s finding should be set aside as a matter of law, is without merit.
The judgment of the trial court is affirmed.